UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN E. CAMPBELL and<br>JENNIE CAMPBELL | * * * | CIVIL ACTION NO. |
| VERSUS | * * | SECTION 06-8931 |
| FIREMAN'S FUND INSURANCE COMPANY<br>and STONE INSURANCE, INC. | * * | MAGISTRATE SECT K MAG 2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

TO:   Clerk of Court
United States District Court for
The Eastern District of Louisiana
U.S. Courthouse
500 Camp Street
New Orleans, LA 70130

Defendant, Fireman's Fund Insurance Company ("Fireman's Fund") hereby removes to this Court the State Court action described below.

1.   Stephen E. Campbell and Jennie Campbell filed an action captioned "Stephen E. Campbell and Jennie Campbell v Fireman's Fund Insurance Company" in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing docket number 2006-9994 which seeks recovery from Fireman's Fund Insurance Company.

2.   Plaintiffs herein are alleged to be people of the full age of majority and domiciled in the parish of Orleans, State of Louisiana. Accordingly, under to 28 U.S.C. § 1332 Plaintiffs are citizens of the State of Louisiana.

3.      The petition names Fireman's Fund Insurance Company, which is a non-Louisiana entity as a defendant, *See,* Petition at ¶ II. In addition, plaintiffs have joined in this action a claim against Stone Insurance, Inc. ("Stone Insurance"), allege to be a corporation authorized to do and doing business in the State of Louisiana

4.      In essence, the allegations against Fireman's Fund is that Fireman's Fund has failed to pay certain insurance proceeds allegedly due as a result of damage caused by Hurricane Katrina to property located at 5864 Bellaire Drive, New Orleans, LA. *See,* Petition at ¶ IX.

5.      Defendant, Fireman's Fund is alleged to be liable to the plaintiff for breach of contract, intentional infliction of emotional distress, bad faith claims adjusting, negligent claims adjusting, and invasion of privacy. *See,* Petition at ¶ XIX.

5.      In addition, plaintiffs allege that Fireman's Fund is liable for loss of use or property, loss of enjoyment of property, additional living expenses, diminution in value of property, repair and remediation expenses, mental anguish, attorney's fees and costs. *See,* Petition at ¶ XXIV. In addition, plaintiffs allege that Fireman's Fund is responsible for penalties as set forth in Louisiana Revised Statute 22:658 and 22:1220. *See,* Petition at ¶ XVIII.

6.      Based simply upon the allegations contained in the petition, defendant submits that on information and belief the amount in controversy exceeds $75,000.00.

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as to all parties properly joined and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### Complete Diversity as to All Properly Joined Parties

8.  The plaintiffs are alleged to be citizens of the State of Louisiana. *See*, Petition at ¶ I.

9.  Fireman's Fund is a corporation incorporated in California, and maintains its principal place of business in Novato, California. Accordingly, under 28 U.S.C. § 1332(c)(1), Fireman's Fund is a citizen of the State of California.

### Consent to or Joinder in this Removal by Stone Insurance, Inc. is Unnecessary because the Plaintiffs have Joined them Improperly

10. Consent to or joinder in this removal by Stone Insurance is unnecessary because plaintiffs have joined them improperly. *See, Jernigan v. Ashland Oil, Inc.* 989 F. 2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of this [consent] requirement [for removal] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper party defendant exists.")

### The Non-Diverse Defendant, Stone Insurance, Inc., is not Properly Joined

11. Stone Insurance, Inc. is alleged to be citizens of the State of Louisiana. *See*, Petition, ¶ II. This non-diverse defendant, however, does not defeat this Court's subject matter jurisdiction because it is improperly joined. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 So. 2d F. 3d 529, 533 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R.*, 385 F. 3d 568, 573 (5th Cir. 2004); *In re Benjamin Moore & Co.*, 309 F. 3d 296, 298 (5th Cir. 2002); *Jernigan*, 989 F. 2d at 817. (co-defendants "were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction.").

12. When a complaint alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendant, like Stone Insurance, is improper. *Chehardy, et al v. La. Ins. Comm, et al.*, No. 05-1140 (M.D. La. 3/16/06) (finding

fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner); *In re Benjamin Moore & Co.*, 309 F. 3d 396, 398 (5th Cir. 2002); *Polk v. Lifescan, Inc.*, No. 4:03CV020 2003 WL 22938056, at *5 (N.D. Miss. 9/22/03); *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1359-60 (11th Cir. 1996), *overruled on other grounds sub nom., Cohen v. office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000); *See also Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126, at * 3 (M.D. Ala. 3/29/96); *Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975 (N.D. Ga. 1996), *aff'd,* 112 F. 3d 1173 (11th Cir. 1997).

13. Furthermore, the allegations against Stone Insurance are in no way related to the allegations against Fireman's Fund, and the joinder of Stone Insurance, Inc. is improper for that reason alone. *Tapscott*, 77 F. 3d at 1355-60; *accord Mallard,* 1996 WL 170126, at *3. ("The court will not allow these plaintiffs to defeat defendant's right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties"); *Turpeau*, 936 F. Supp at 978-79 (because each of the transactions were not sufficiently related so as to permit joinder). Courts have recognized "that the Fifth Circuit adopted the decision in *Tapscott* and applied its fraudulent misjoinder analysis." *Polk v. Lifescan,Inc.*, No. 03-020, 2003 WL 22938056, at *5. (N.D. Miss. Sept. 22, 2003)(citing *In re Benjamin Moore*, 318 F. 3e 626 (5th Cir. 2002)); *Chehardy, et al, v La. Ins. Comm., et al*, No. 05-1140 (M.D. La. 4/16/06) (finding fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner).

14. Although the basis underlying plaintiffs' claims is a grievance arising out of damage caused by Hurricane Katrina, the claims against Fireman's Fund and Stone Insurance could not be more different. On the one hand, plaintiffs claim Fireman's Fund breached its

duties under its insurance contract, and on the other hand, plaintiffs' claim Stone Insurance failed to inform the plaintiffs of their option to purchase excess flood insurance and failed to inform the plaintiffs that some elements of damages caused by the hurricane would not be covered under the Fireman's Fund insurance policy. *See*, Petition at ¶ XX. The differences between these two defendants and these claims are apparent: one involves contractual interpretation and well-established insurance law and insurance coverage issue and the other does not. In fact, the claims against Stone Insurance involve flood coverage for the plaintiffs that are not provided by Fireman's Fund. Thus, the bases underlying these claims, the facts from which they arise, the legal analysis the Court will employ in determining the proper resolution are all different. Joinder of Stone Insurance is improper, and this Court has jurisdiction over the plaintiffs' claim against Fireman's Fund.

**The Amount In Controversy Exceeds $75,000**

15. The Petition alleges that the plaintiffs have suffered the following non-exclusive damages, loss of use of property, loss of enjoyment of property, additional living expenses, diminution in value of property, repair and remediation expenses, mental anguish, attorney's fees, and costs. In addition, plaintiffs allege they are entitled to penalties, attorney's fees and damages under Louisiana Revised Statute 22:658 and 22:1220. Based solely upon the allegations of the petition, defendant, Fireman's Fund submits that it is apparent from the petition that the claims likely are above $75,000. Attorney's fees and penalties are including in determining the jurisdictional amount. *See Albarado v. State Farm Mut. Auto Ins. Co.*, No. 91-2036, 1991 WL 165733 (E.D. La. 9/20/91)(policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reins.*, 134 F. 3d 1253 (noting that attorney fees and penalties are included in determining jurisdictional amount when party could be liable

for same under state law); *Abbott Labs.*, 51 F. 3d at 526-57 (holding that combination of attorney fees, allowed by class action statute, and claims by plaintiffs satisfied jurisdictional amount).

**WHEREFORE,** having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all of the jurisdictional requirements of 28 U.S.C. § 1332, defendant, Fireman's Fund Insurance Company respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted by:

*DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK*

_____
C. MICHAEL PFISTER (#14317)
KELLY CAMBRE BOGART, #22985
JAIME M. CAMBRE, #29116
Three Lakeway Center, Suite 2900
3838 N. Causeway Blvd.
Metairie, LA 70002
mpfister@duplass.com
kbogart@duplass.com
jcambre@duplass.com
Telephone: (504) 832-3700
Fax: (504) 837-3119
Attorneys for Defendant, Fireman's Fund Insurance Company

## CERTIFICATE OF SERVICE

*I DO HEREBY CERTIFY* that a copy of the above and foregoing has been duly served upon all counsel of record by depositing same into U. S. Mail, postage pre-paid and properly delivered this 23rd day of October, 2006.

_____
C. MICHAEL PFISTER (#14317)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN E. CAMPBELL and JENNIE CAMPBELL | * * * | CIVIL ACTION NO. |
| | | SECTION |
| VERSUS | * * | |
| FIREMAN'S FUND INSURANCE COMPANY and STONE INSURANCE, INC. | * | MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PROOF OF SERVICE

C. Michael Pfister, being duly sworn, does depose and say, that he is an attorney with the firm of Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, and counsel for Fireman's Fund Insurance Company, defendant herein;

1.   That on October 23, 2006, after the Notice of Removal had been forwarded to the above Court, an executed copy of said notice was delivered to the Plaintiff by United States Mail, properly addressed.

To:   Plaintiff, Stephen E. Campbell
      Through his Attorney of Record:
      Stephen M. Huber
      3500 N Hullen
      Metairie, LA  70002

To:   Stone Insurance Inc.
      Through The Agent Shawn M. Bridgewater
      1100 Poydras Street
      New Orleans, LA  70112

2. Affiant further deposes and says that following the delivery of the aforesaid papers above outlined, affiant provided a copy of the said Notice of Removal to the Clerk of Court, Civil District Court for the Parish of Orleans, in the matter entitled "Stephen Campbell and Jennie Campbell v. Fireman's Fund Insurance Company and Stone Insurance, Inc.", Docket No. 2006-9994, on October 23, 2006.

Respectfully Submitted,

DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK

_____
C. MICHAEL PFISTER (#14317)
KELLY CAMBRE BOGART (#22985)
JAIME M. CAMBRE (#29116)
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Tel.:  (504) 832-3700
Fax:  (504) 837-3119
mpfister@duplass.com
kbogart@duplass.com
jcambre@duplass.com
***ATTORNEYS FOR DEFENDANT,
FIREMAN'S FUND INSURANCE COMPANY***

Sworn to and subscribed before me
this 23rd day of October, 2006.

_____
NOTARY PUBLIC
Print Name: Christian Bogart
Bar No. or Notarial No.: 22954
My commission expires at death

## CERTIFICATE OF SERVICE

*I DO HEREBY CERTIFY* that a copy of the above and foregoing *Proof of Service* has been duly served upon all counsel of record by depositing same into U. S. Mail, postage pre-paid and properly delivered this 23rd day of October, 2006.

_____
C. MICHAEL PFISTER (#14317)